# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SHAFIA JONES,**

          **Petitioner,**

          **v.**                                  **Case No. 17-CV-1643**

**SARAH COOPER,**

          **Respondent.**

## ORDER ON PETITION FOR A WRIT OF HABEAS CORPUS

Shafia Jones is incarcerated at Taycheedah Correctional Institution pursuant to the judgment of a Wisconsin Circuit Court. She is currently housed in disciplinary confinement as a result of an altercation between her and another inmate. On November 28, 2017, Jones filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking release from disciplinary confinement. (ECF No. 1.) Jones consented to the full jurisdiction of a magistrate judge. (ECF No. 4.) Accompanying Jones's petition was a motion to proceed without prepayment of the filing fee. (ECF No. 2.) Because Jones paid the $5.00 filing fee on December 14, 2017, this motion will be **denied** as moot.

A preliminary question is whether Jones's petition is properly brought under 28 U.S.C. § 2241 or whether it is to be considered under § 2254. Because Jones is

incarcerated pursuant to the judgment of a state court, to the extent her claims are properly raised in habeas they would be under § 2254. *See Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000). The distinction affects the law and procedures that control the resolution of a habeas petition. Having said that, it is not necessary for Jones to re-file or take any other action for the court to accept her petition as a petition under 28 U.S.C. § 2254. The court simply construes the petition Jones filed using the § 2241 form as a petition under § 2254.

In accordance with Rule 4 of the Rules Governing Section 2254 Cases, the court must now screen Jones's petition.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4 of the Rules Governing Section 2254 Cases.

Jones alleges retaliation, selective discipline, oppressively harsh discipline, and denial of due process in connection with a disciplinary hearing regarding a fight between her and another inmate. Jones asks the court to reverse and vacate the conduct report and release her from her disciplinary confinement. (ECF No. 1 at 13.)

Only claims that "contest the fact or duration of custody" are cognizable in a petition for a writ of habeas corpus. *Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000). Habeas corpus cannot be used for actions that affect "the severity rather than

duration of custody." *Montgomery v. Anderson*, 262 F.3d 641, 643 (7th Cir. 2001). Thus, "[s]tate prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges" may not seek relief in habeas. *Moran*, 218 F.3d at 651. "More-restrictive custody must be challenged under § 1983, in the uncommon circumstances when it can be challenged at all." *Montgomery*, 262 F.3d at 644.

Jones does not contest the fact or duration of her custody. She will be in custody regardless of whether she spends that time in disciplinary separation or not. The relief that she seeks is relief that a court cannot provide in a habeas action. The court notes that Jones has a pending § 1983 claim (*Jones v. Noble, et al.*, Case No. 17-cv-1253-DEJ (E.D. Wis. filed Sept. 15, 2017)) regarding the events she now raises in her habeas petition.

Consequently, the court recommends dismissal of Jones's habeas petition. However, the court recommends dismissal without prejudice to Jones refiling these claims as part of her action under 28 U.S.C. § 1983. The court is not now expressing any view as to whether Jones's allegations are sufficient to state a claim under 28 U.S.C. § 1983. Any action filed under 28 U.S.C. § 1983 will be subject to the Prison Litigation Reform Act.

**IT IS RECOMMENDED** that Jones's Petition for a Writ of Habeas Corpus (ECF No. 1) be **dismissed** without prejudice.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 22nd day of December, 2017.

WILLIAM E. DUFFIN
U.S. Magistrate Judge