UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHAFIA JONES,

        Petitioner,

v.                                                 Case No. 17-cv-1643-pp

SARAH COOPER,

        Respondent.

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DKT. NO. 5) AND DISMISSING PETITIONER'S PETITION FOR *HABEAS CORPUS* WITHOUT PREJUDICE**

        On November 28, 2017, Shafia Jones filed a petition for *habeas corpus* under 28 U.S.C. §2241, along with a motion to proceed in the district court without pre-paying the $5.00 filing fee. Dkt. Nos. 1, 2. Court records reflect that the petitioner paid her $5.00 filing fee on December 14, 2017. On December 22, 2017, Magistrate Judge William E. Duffin screened the petition, and issued a report recommending that this court dismiss the petition without prejudice. Dkt. No. 5. At the end of that order, Judge Duffin advised the petitioner that if she objected to his recommendation, she needed to file a written objection within fourteen days of the date she received his order. Id. The clerk's office mailed Judge Duffin's report to the petitioner at Taycheedah Correctional Institution on December 22, 2017.

        Over a month has passed since the clerk's office mailed the order to the petitioner, and the court has not received an objection. A check of the

1

Wisconsin Department of Corrections' Inmate Locator web site shows that the defendant has been at the same facility since August of 2017—well before she even filed this petition. Because the petitioner has not objected, and because the court agrees with Judge Duffin's recommendation, the court will adopt the report and recommendation and dismiss the petition without prejudice.

Judge Duffin began by denying as moot the petitioner's motion to proceed without prepaying the $5.00 filing fee, because she already had paid it. Dkt. No. 5 at 1. Judge Duffin then noted that while the petitioner had filed her petition on the form application for relief under 28 U.S.C. §2241, it really was a request for relief under 28 U.S.C. §2254, because the petitioner was incarcerated under the judgment of a state court. Id. at 1-2 (citing Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000)).

Judge Duffin screened the petition under Rule 4 of the Rules Governing Section 2254 Cases. Id. at 2. Judge Duffin observed that the petitioner "alleges retaliation, selective discipline, oppressively harsh discipline, and denial of due process in connection with a disciplinary hearing regarding a fight between her and another inmate. Jones asks the court to reverse and vacate the conduct report and release her from her disciplinary confinement." Dkt. No. 5 at 2 (citing Dkt. No. 1 at 13).

Judge Duffin first observed that only petitions that challenge "'the fact or duration of custody' are cognizable in a petition for a writ of *habeas corpus*." Dkt. No. 5 at 2 (quoting Moran v. Sondalle, 218 F.3d 647, 650-51 (7th Cir. 2000)). He then explained that

2

> 'state prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges' may not seek relief in *habeas*. Moran, 218 F.3d at 651. 'More-restrictive custody must be challenged under § 1983, in the uncommon circumstances when it can be challenged at all.' Montgomery [v. Anderson, 262 F.3d 641,] at 644 [(7th Cir. 2001)].

Id. at 2-3.

Judge Duffin found that the petitioner had not contested the fact or duration of her custody; her petition sought relief that is not available in a *habeas* case. Id. at 3. He noted, however, that the petitioner had filed a civil lawsuit under 42 U.S.C. §1983, based on the same events she raised in this *habeas* petition. Id. at 3, citing Jones v. Nobel, *et al.*, Case No. 17-cv-1253-DEJ (E.D. Wis. filed Sept. 15, 2017). He recommended that this court deny the *habeas* petition without prejudice, to allow the petitioner to refile the claims she made in the *habeas* as part of her case under 42 U.S.C. §1983. Id.

The court **ADOPTS** Judge Duffin's findings and conclusions. Dkt. No. 5. The court **ORDERS** that the petitioner's petition for *habeas corpus* is **DISMISSED WITHOUT PREJUDICE.**

Dated in Milwaukee, Wisconsin this 25th day of January, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**